UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DAVID OLSEN, #605189,            )
                                 )
            Petitioner,          )     Case No. 1:08-cv-1011
                                 )
v.                               )     Honorable Paul L. Maloney
                                 )
BLAINE LAFLER,                   )
                                 )     **REPORT AND RECOMMENDATION**
            Respondent.          )
_____  )

       This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is serving a prison sentence of 10-to-25 years after an Allegan County jury convicted him of assault with intent to commit murder. MICH. COMP. LAWS § 750.83. Petitioner was convicted on April 27, 2006, and the circuit court imposed sentence on June 9, 2006. After unsuccessful efforts to overturn his conviction in the state appellate courts, petitioner brought this habeas corpus proceeding. The *pro se* petition raises the following six claims for habeas corpus relief:

    I.     The trial court denied my constitutional right to a properly instructed jury.

    II.    I was denied the effective assistance of counsel where my trial attorney failed to object to the erroneous flight instructions.

    III.   The trial court erred in scoring defense variable 19 at ten points for interfering with administration of justice.

    IV.   The trial court erred in scoring offense variable 3 at twenty-five points for a life threatening injury.

V. The trial court denied Petitioner his Sixth Amendment rights by scoring the sentencing guidelines based on facts not found by the jury.

VI. Petitioner was denied effective assistance of counsel where his trial attorney failed to object to the sentencing issues raised above.

Respondent has filed an answer, supported by the state trial and appellate records.

This case has been referred to me for issuance of a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Rule 10, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS. After reviewing the state court record, I conclude that petitioner's defaulted claim of instructional error is meritless, that his claims of ineffective assistance of trial counsel are meritless, and that the sentencing claims are not cognizable in habeas corpus. I therefore recommend that the petition be denied.

**Proposed Findings of Fact**

This criminal prosecution arose from the stabbing of Andrew Tosh in a rural area of Allegan County, Michigan. Petitioner and Tosh were acquaintances and apparently had used illegal drugs together in the past. Petitioner admitted that he stabbed Tosh in the neck and finger during an altercation, but claimed self-defense. Tosh asserted that defendant pulled out a knife while they were both sitting in a parked car and then tried to slash his throat before stabbing him in the neck. The prosecution's theory was that petitioner attempted to kill Tosh over a failed drug deal.

Trial commenced in the circuit court on April 26, 2006, on the charge of assault with intent to commit murder. The complainant, Andrew Michael Tosh, testified that he and petitioner were in Tosh's car on May 28, 2005, after petitioner had called Tosh on his cell phone for a ride. (Trial Transcript (TT) I, 64). During the ride, petitioner asked Tosh to drive down a little two-lane

road. (*Id.*, 66). Tosh testified that petitioner then pulled out a knife and tried unsuccessfully to cut him across his throat. Petitioner asked Tosh who had robbed him and then stabbed him in the neck. (*Id.*, 67). (The state's contention was that petitioner suspected Tosh of complicity in an earlier drug "rip off.") (TT I 61, 62). Tosh jumped from the car and began running toward the road. Petitioner pursued him, trying to run him over with the car. (*Id.*, 70). Tosh sought help at a nearby house and ultimately went to the hospital. (*Id.*, 73-74).

Petitioner testified in his own defense. He testified that on the day in question, Tosh had a pint of alcohol and was drinking. (TT I, 141). He testified that Tosh had asked him on quite a few occasions if petitioner had anything to do with Tosh's truck being stolen. (*Id.*, 140-41). Tosh said he needed to go down the dirt road to "check something out" and then said he needed to get out of the vehicle to relieve himself. (*Id.*, 142-43). Petitioner testified that Tosh pulled out a baseball bat and came around to the side of the car where petitioner was standing and hit petitioner with the bat. (*Id.*, 143-44). During the ensuing struggle, Tosh was stabbed in the neck. Petitioner claimed that he began to run and that Tosh attempted to hit him with the car. (*Id.*, 145-46).

During final argument, both the assistant prosecutor and defense counsel alluded to petitioner's flight from the scene. The prosecution argued that petitioner's leaving the scene and failure to return home made his story of self-defense implausible. (TT I, 170). Defense counsel justified petitioner's leaving the scene as being motivated by fear and pointed out that he ultimately turned himself in. (*Id.*, 181).

After final arguments, the court instructed the jury. In addition to the usual instructions on the presumption of innocence and the requirement of proof beyond a reasonable doubt, the court instructed on the elements of assault with intent to commit murder, the elements of

a lesser included offense, and the elements of self-defense. The trial judge gave standard Michigan Criminal Jury Instruction (2d ed.) 4.4, regarding flight by a defendant, without objection. The jury was charged as follows:

> There has been some evidence that the defendant ran away after the alleged crime.
>
> This evidence does not prove guilt. A person may run or hide for innocent reasons, such as panic, mistake, or fear. However a person may also run or hide because of a consciousness of guilt.
>
> You must decide whether the evidence is true, if true, whether it shows that the defendant had a guilty state of mind.

(TT II, 12). Neither party lodged an objection to the instructions as delivered. (*Id.*, 16). The jury deliberated for less than two hours and returned a guilty verdict. (*Id.*, 17).

Petitioner, through counsel, appealed as of right to the Michigan Court of Appeals. His appellate brief raised the same six issues that petitioner has included in his habeas corpus petition. (*See* Mich. Ct. of App. Record, case no. 271267, docket # 18, Appellant's Brief at 2-3). By unpublished, *per curiam* opinion issued November 20, 2007, the Michigan Court of Appeals rejected all appellate arguments and affirmed the conviction and sentence. With regard to petitioner's first claim (error in instructing the jury on flight), the appellate court found that the issue was unpreserved for failure to raise it in the trial court. The court therefore reviewed the issue only for plain error. (Op., 1). The court found no error, concluding that petitioner's actions supported a reasonable inference of flight, sufficient to support the instruction. The court also determined that the instructions as a whole fairly presented the issues to be tried. The court consequently found no ineffective assistance arising from defense counsel's failure to object to the flight instruction. The court rejected petitioner's challenges to guideline scoring on state-law grounds and rejected the claim

that counsel was ineffective for failing to object. Finally, the appellate court rejected petitioner's Sixth Amendment claim based on *Blakely v. Washington*, 542 U.S. 296 (2004), as the state Supreme Court had determined earlier in the year that *Blakely* does not apply to Michigan's indeterminate sentencing system. (Op., 3).

Petitioner filed a *pro se* application for leave to appeal to the state Supreme Court on January 2, 2008. (*See* Mich. S. Ct. Record, case no. 135563, docket # 19). By standard order entered March 24, 2008, the state Supreme Court denied review.

By habeas petition filed October 28, 2008, petitioner raised the same six claims reviewed and rejected in the Michigan Court of Appeals.

## **Applicable Standard**

Because petitioner filed his habeas application long after the April 1996 enactment of the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 ("AEDPA"), the provisions of that law govern the scope of the court's review. *See Penry v. Johnson*, 532 U.S. 782, 791 (2001). AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). AEDPA "dictates a highly deferential standard for evaluating state-court rulings which demands that state court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (citations omitted); *see Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010). "AEDPA requires heightened respect for state court factual and legal determinations." *Lundgren v. Mitchell*, 440 F.3d 754, 762 (6th Cir. 2006). If a state court adjudicated the claim, deferential AEDPA standards must be applied. 28 U.S.C. § 2254(d); *see Premo v. Moore*, 131 S. Ct. 733, 739 (2011); *Waddington v. Sarausad*, 129 S. Ct. 823, 831 (2009); *Holder v. Palmer*, 588

F.3d 328, 341 (6th Cir. 2009) ("'[A]ny claim that was adjudicated on the merits in State court proceedings' is subject to AEDPA deference.") (quoting 28 U.S.C. § 2254(d)).

AEDPA prevents federal habeas "retrials" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA standard is difficult to meet "because it was meant to be." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error corrections through appeal." *Harrington*, 131 S. Ct. at 786. Section 2254(d) states that an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see Berghuis v. Thompkins*, 130 S. Ct. 2250, 2259 (2010). "Section 2254(d)(1)'s 'contrary to' and 'unreasonable application' clauses have independent meaning. A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than the [Supreme Court] on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. at 694 (citations omitted). A federal court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions, but unreasonably applies it to the facts of the particular case, or if the state court unreasonably extends a legal principle from

Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams v. Taylor*, 529 U.S. 362, 407 (2000); *see Hoffner v. Bradshaw*, 622 F.3d 487, 495 (6th Cir. 2010).

## Discussion

### I. Instructional Error

Petitioner's first claim is that he was deprived of his "constitutional right to a properly instructed jury" by the trial court's instruction on flight. The state Court of Appeals found that this issue had not been preserved for review, as petitioner's trial counsel did not lodge an objection. The court nevertheless reviewed the issue for plain error. Respondent raises the defense of procedural default.

Under a long line of Supreme Court cases, an adequate and independent finding of procedural default by the state courts will also bar federal habeas review of a state conviction, unless the habeas petitioner can show cause for the procedural default and prejudice attributable thereto. *See Murray v. Carrier*, 477 U.S. 478, 485 (1986); *see also Harrington v. Richter*, 131 S. Ct. at 787. The doctrine of procedural default is applicable where a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent." *See Brooks v. Tennessee*, 626 F.3d 878, 890 (6th Cir. 2010). The state may assert a procedural default when the last, reasoned opinion of the state courts clearly relies on a procedural bar in refusing to consider a claim. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991). If a petitioner is guilty of a procedural default in the state courts, the federal habeas court will only

entertain the defaulted issue if petitioner bears the burden of showing cause and prejudice or can show actual innocence. *Murray*, 477 U.S. at 485.

In the present case, all of the prerequisites to a finding of procedural default are present. The state Court of Appeals expressly found that petitioner's challenge to the jury instructions had not been preserved for review, because of petitioner's failure to make a contemporaneous objection at trial. The fact that the court went on to review the issue under a plain error standard does not constitute a waiver of state procedural default rules. *See Goodwin v. Johnson*, Nos. 06-3571, 06-3572, ___ F.3d ___, 2011 WL 181468, at * 12 (6th Cir. Jan. 21, 2011); *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006); *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000) ("Controlling precedent in our circuit indicates that plain error review does not constitute a waiver of state procedural default rules."). Consequently, in the usual case, petitioner would have the burden of showing cause and prejudice or actual innocence to overcome the default.

Both the Supreme Court and the Sixth Circuit have indicated, however, that the district court has discretion to ignore a procedural default and proceed directly to the merits of an apparently defaulted claim, when to do so would be more expeditious than an analysis of the complicated procedural default question. *See Lambrix v. Singletary*, 520 U.S. 518, 525 (1997); *Mahdi v. Bagley*, 522 F.3d 631, 635 (6th Cir. 2008). In the present case, petitioner's purported constitutional claim arising from an erroneous jury instruction is indisputably meritless, so analysis of the complicated procedural default issue is unnecessary.

Contrary to petitioner's argument, there is no general federal right to a properly instructed jury. With few exceptions, the substance of jury instruction frames a matter of state law. *See Estelle v. McGuire*, 502 U.S. 62, 70-72 (1991). Consequently, a federal court may grant habeas

corpus relief based on errors in state jury instructions only in "extraordinary cases." *Daniels v. Lafler*, 501 F.3d 735, 741 (6th Cir. 2007) (citing *Lewis v. Jeffers*, 497 U.S. 762, 780 (1990)). A habeas court may not grant relief on the basis of an allegedly erroneous instruction on evidence merely because it disagrees with the instruction. The only question in habeas corpus is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle*, 502 U.S. at 72 (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)); *accord Waddington v. Sarausad*, 129 S. Ct. 823, 832 (2009).

Petitioner cannot possibly overturn his conviction on the basis of the challenged instruction concerning flight. First, by reason of AEDPA, 28 U.S.C. § 2254(d)(1), a habeas corpus petitioner must ground his claim for relief on clearly established federal law as determined by the Supreme Court of the United States. *See Premo v. Moore*, 131 S. Ct. at 743; *Renoco v. Lett*, 130 S. Ct. at 1865-66. Under this standard, the lower court must apply the "holdings" as opposed to the "dicta" of Supreme Court decisions as of the time of the relevant state-court decision. *Thaler v. Haynes*, 130 S. Ct. 1171, 1173 (2010) ("A legal principle is 'clearly established' within the meaning of [section 2254(d)(1)] only when it is embodied in the holding of this Court."); *see Smith v. Anderson*, No. 09-3284, ___ F.3d ___ 2011 WL 475195, at * 3 (6th Cir. Feb. 11, 2011) (citing *Yarborough v. Alvaredo*, 541 U.S. 652, 660-61 (2004)). Petitioner fails this test completely. His brief in the state Court of Appeals (which he has resubmitted to this court) fails to cite a single decision of the United States Supreme Court that suggests -- let alone holds -- that the federal

Constitution is offended by the giving of a flight instruction.[1]  Petitioner's challenge to the jury instruction therefore fails at the first step of analysis under AEDPA.

Moreover, petitioner cannot show that the instruction was erroneous, let alone that it so infected the fairness of his trial as to violate due process.  As the state Court of Appeals noted, Michigan law allows an instruction on flight where there is some evidence that the defendant feared apprehension when he left the scene.  (Op. at 2).  The appellate court pointed to evidence in the record which, if believed by the jury, showed that petitioner left the scene after stabbing the victim and instead of contacting police for help, walked and hitchhiked twenty miles to another city.  Thereafter, even though he knew he was being investigated for the crime and that police wanted to talk to him, he stayed out of the county for thirteen weeks because he feared arrest.  *Id.*  The Court of Appeals found that these actions supported a "reasonable inference that he feared apprehension and was running from the police."  *Id.*

As both the assistant prosecutor and defense counsel presented arguments concerning the effect of these facts, it was incumbent on the court to give some guidance to the jury.  The standard flight instruction given by the trial judge is "defendant friendly" and cannot possibly be deemed prejudicial.  The instruction cautions that evidence of flight "does not prove guilt." (TT II, 12).  The instruction goes on to say that a person *may* run or hide for innocent reasons, such as panic, mistake, or fear or that a person *may* flee because of consciousness of guilt.  The instruction leaves the entire matter up to the jury to decide, without shading the inquiry in any way.  (*Id.*).  The

---

[1] Counsel's brief did cite federal appellate cases reviewing federal criminal prosecutions. None of these cases purported to articulate a rule of constitutional law applicable to state-court prosecutions.

Supreme Court has never condemned such an instruction on constitutional grounds, and it is difficult to imagine a rational basis for doing so.

Unless a habeas petitioner can demonstrate that an instruction deprived the trial of "fundamental fairness," the validity of the instruction is a matter of state law. *See Estelle*, 502 U.S. at 72-73. Petitioner is unable to show that the flight instruction was erroneous in any way, let alone that it undermined the fairness of his trial. Petitioner's first claim fails to establish any basis for habeas corpus relief.

## II. Ineffective Assistance of Counsel

Petitioner's first claim of ineffective assistance of counsel is that his trial attorney committed a fundamental error in failing to object to the flight instruction. To prevail on an ineffective assistance of counsel claim, a petitioner must show that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's failure to object to jury instructions is deficient only if the petitioner can establish that the instructions were inaccurate and that, therefore, an objection would have been sustained. *Daniels*, 501 F.3d at 743. To demonstrate prejudice in such a circumstance, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *see Premo v. Moore*, 131 S. Ct. at 739.

Petitioner cannot sustain either the performance or the prejudice prongs of a *Strickland* inquiry. It is hard to fathom a reason why defense counsel would have objected to the flight instruction, as the issue of flight was raised in testimony and both attorneys addressed it in

their final arguments. The flight instruction gave the jury a basis by which to determine the significance of this evidence and argument. The instruction was extremely neutral in tone and if anything was weighed towards the defendant's interests. To meet the performance prong, petitioner must establish that the flight instruction was inaccurate as a matter of state law. *Daniels*, 501 F.3d at 743. This is an impossible burden in the present case, as the state Court of Appeals has already found that the instruction was not erroneous. Petitioner cannot satisfy the prejudice prong, because the flight instruction was not unfair and the instructions as a whole fairly presented to the jury both the elements of the offense and the requirement that the state negate self-defense beyond a reasonable doubt. The brief, unobjected-to, and facially neutral flight instruction, which was fully supported by the evidence, could not possibly have prejudiced petitioner in these circumstances.

### III. Guideline Calculation Errors

Petitioner's next two claims may be considered together. In ground 3, petitioner asserts that the trial court erred in scoring guideline variable 19 for interfering with the administration of justice. In ground 4, he asserts that the sentencing judge erred in scoring guideline offense variable 3 for infliction of a life-threatening injury. On direct appeal, the Michigan Court of Appeals found these claims to be unpreserved, because counsel failed to object to the scoring of these variables. The court therefore reviewed these claims only in the context of deciding whether counsel was constitutionally ineffective for failure to object.

As grounds for habeas corpus relief, these two claims fall outside the court's habeas jurisdiction. The Michigan sentencing guidelines were established by the Legislature to guide the discretion of sentencing judges in establishing the minimum range of an indeterminate sentence.

Claims concerning the improper scoring of such guidelines are state-law claims and are typically not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief). Consequently, the Sixth Circuit holds that alleged scoring errors under state guidelines are not reviewable in habeas corpus. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003). Habeas relief may be ordered for violation of a defendant's federally guaranteed rights, not for alleged errors of state law. *Estelle*, 502 U.S. at 67.

## IV. Sixth Amendment Violation under *Blakely*

Petitioner next argues that his sentence violated his Sixth Amendment right to have a jury determine all facts necessary for an increase in his sentence, as articulated in *Blakely v. Washington*, 542 U.S. 296 (2004). This claim is patently meritless. The Sixth Circuit has now authoritatively held that the *Blakely* principle does not apply to judicial fact-finding under Michigan's indeterminate sentencing scheme. *See Montes v. Trombley*, 599 F.3d 490 (6th Cir. 2010); *Chontos v. Berghuis*, 585 F.3d 1000 (6th Cir. 2009).

## V. Ineffective Assistance of Counsel at Sentencing

Finally, petitioner asserts that his trial counsel was constitutionally ineffective for failing to object to allegedly improper guideline scoring or to raise the *Blakely* issue at trial. The Michigan Court of Appeals ruled on this Sixth Amendment claim, finding that the trial judge did not err in guideline scoring and that petitioner's trial counsel was not ineffective for failing to object to

the scoring. (Op., 3). Because the Michigan Court of Appeals ruled directly on this federal claim, applying the two-prong *Strickland* test, this court may grant habeas relief only if the decision of the state appellate court represented an unreasonable application of the Supreme Court's decision in *Strickland*. *See Premo v. Moore*, 131 S. Ct. at 739-40; *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011). The Supreme Court has recently emphasized the double layer of deference that must be accorded under AEDPA to state-court decisions applying *Strickland*. "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 131 S. Ct. at 788; *see Premo v. Moore*, 131 S. Ct. at 740.

Petitioner has not sustained this burden. To prevail on the performance prong of *Strickland*, petitioner has the burden of showing that a reasonable attorney would have objected to the guideline scoring, that is, that there was some basis for objection. *See Daniels*, 501 F.3d at 743. In the present case, he cannot do so, as the state Court of Appeals has already found that the scoring was accurate as a matter of state law. (Op., 3). An attorney is not required to raise a futile objection. For the same reason, petitioner cannot show prejudice, that is, that the outcome would probably have been different had counsel objected. Finally, he cannot show either substandard performance or prejudice arising from counsel's failure to raise the *Blakely* claim, as that claim had already been rejected by the state Supreme Court at the time of sentencing and therefore had no possible chance of success. *See People v. Claypool*, 684 N.W.2d 278, 286 n.14 (Mich. 2004); *People v. Drohan*, 689 N.W.2d 750, 757 (Mich. Ct. App. 2004), *aff'd*, 715 N.W.2d 778 (Mich. 2006). The state Court of Appeals applied the *Strickland* standard to these issues in an objectively reasonable fashion, and its decision easily withstands review under AEDPA.

## Recommended Disposition

For the foregoing reasons, I recommend that all petitioner's claims for habeas corpus relief be denied on their merits.


Dated:   March 2, 2011                            /s/  Joseph G. Scoville
                                                  United States Magistrate Judge


## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).